Filed 1/6/15  Bachrach v. Compagno CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SHEL BACHRACH et al., | B252454 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC511242) |
| v. | |
| NATALIE COMPAGNO et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge.  Affirmed.

Fernald Law Group and Brandon C. Fernald for Defendants and Appellants.

Law Offices of James T. Duff and James T. Duff for Plaintiffs and Respondents.

_____

Travelers Bookcase, LLC (Travelers) and Natalie Compagno appeal from an order denying their motion to compel arbitration after the trial court found that the equitable claims at issue were excluded from appellants' contract with respondents Shel and Ryan Bachrach. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Travelers is an independent bookstore in Los Angeles previously owned by Compagno. In September 2011, the Bachrachs invested $25,000 each to obtain a collective 25 percent interest in Travelers. In conjunction with that transaction, Compagno and the Bachrachs executed an operating agreement, which contains the following arbitration provision:

" . . . Any action to enforce or interpret this Agreement or to resolve disputes between the Members or by or against any Member shall be settled by arbitration in accordance with the rules of the American Arbitration Association. Any party may commence arbitration by sending a written demand for arbitration to the other parties. Such demand shall set forth the nature of the matter to be resolved by arbitration. The substantive law of the State of California shall be applied by the arbitrator to the resolution of the dispute. The parties shall share all initial costs of arbitration, provided that the prevailing party shall subsequently be entitled to reimbursement by the other party or parties of its attorney's fees, costs and expenses incurred in connection with the arbitration. All decisions of the arbitrator shall be final, binding, and conclusive on all parties and shall, except as provided in Section 12.1, constitute the only method of resolving disputes or matters subject to arbitration pursuant to this Agreement. Judgment may be entered upon any such decision in accordance with applicable law in any court having jurisdiction thereof. *Notwithstanding the foregoing, no arbitrator shall have the power to render equitable relief of any kind, and requests for such relief shall be referred to a court of competent jurisdiction*." (Italics added.)

In June 2013, the Bachrachs filed this action against Compagno and Travelers, alleging two claims seeking equitable relief against both defendants—dissolution of the limited liability company and an accounting—and three tort claims against Compagno

2

alone seeking damages for fraud, negligent misrepresentation, and breach of fiduciary duty.

Pursuant to the requirements of the operating agreement, counsel for appellants sent the Bachrachs a demand for arbitration. The Bachrachs refused to proceed with arbitration and, in July 2013, appellants moved to compel arbitration requesting that the court dismiss the action or stay it pending arbitration.

In September 2013, the Bachrachs dismissed their three tort claims against Compagno. They opposed the motion to compel arbitration, arguing that the only remaining claims at issue were equitable and therefore excluded from the arbitration provision. The trial agreed, finding that "the language of the arbitration agreement . . . exempts or excepts equitable issues," and denied the motion to compel arbitration. This timely appeal followed.

## DISCUSSION

The sole question on appeal is whether the arbitration provision encompasses the Bachrachs' equitable claims seeking dissolution of Travelers and an accounting.

Whether there is an agreement to arbitrate the present controversy turns on the language of the arbitration provision. There is no dispute here as to the language of that provision. Where, as here, the language of an arbitration provision is not in dispute, we conduct a de novo review of the trial court's decision as to arbitrability. (*Coast Plaza Doctors Hospital v. Blue Cross of California* (2000) 83 Cal.App.4th 677, 684 (*Coast Plaza*); *Gravillis v. Coldwell Banker Residential Brokerage Co.* (2006) 143 Cal.App.4th 761, 771 (*Gravillis*); *EFund Capital Partners v. Pless* (2007) 150 Cal.App.4th 1311, 1320 (*EFund Capital*).)

Code of Civil Procedure section 1281.2 provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists . . . ." "This language is mandatory . . . ." (*Coast Plaza*, *supra*, 83 Cal.App.4th at p. 687.)

3

Public policy in California strongly favors arbitration. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 971–972.) In furtherance of that policy, arbitration agreements are liberally interpreted and arbitration must be ordered unless the dispute in question is clearly excluded by the agreement. (*Gravillis*, *supra*, 143 Cal.App.4th at p. 771.) Nevertheless, "'[a]rbitration is . . . a matter of contract, and the parties may freely delineate the area of its application. The court's role . . . must be strictly limited to a determination of whether the party resisting arbitration agreed to arbitrate.'" (*Ibid*.) Public policy favoring arbitration does not apply if the contractual language cannot be interpreted in favor of arbitration. (*Id*. at p. 772.) There is no policy that requires persons to arbitrate a dispute they did not agree to arbitrate. (*Ibid*.; *EFund Capital*, *supra*, 150 Cal.App.4th at p. 1320; see *Victoria v. Superior Court* (1985) 40 Cal.3d 734, 744; see also Civ. Code, § 1648 ["However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract"].)

The arbitration provision at issue here states that any "action to enforce or interpret [the operating agreement] or to resolve disputes between the Members . . . shall be settled by arbitration . . . ," and the arbitrator's decisions are final and "constitute the only method of resolving disputes or matters subject to arbitration . . . ." "Notwithstanding the foregoing," however, the parties also expressly agreed that "no arbitrator shall have the power to render equitable relief of any kind, and requests for such relief shall be referred to a court of competition jurisdiction." Appellants argue that the clear and only reasonable meaning of this provision is that *any* action to enforce or interpret the operating agreement or to resolve disputes between members of the LLC, regardless of the nature of the claim, *must* be settled by arbitration. Only after the substantive issues have been resolved, a party has prevailed in arbitration and an arbitrator has determined that equitable relief is in order, may that party turn to the court to obtain that relief. Appellants argue that the equitable claims cannot be resolved without first determining the merits of the Bachrachs' tort claims which asserted fraud and mismanagement. Accordingly, to read the arbitration provision any differently

4

would permit the Bachrachs to avoid their obligation to arbitrate merely because they have pleaded superfluous equitable claims. Not so.

The gist of appellants' argument is that the Bachrachs dismissal of their tort claims was a ruse to avoid arbitration because, to determine whether dissolution is appropriate, the trial court must necessarily resolve the issue of Compagno's alleged mismanagement and fraud previously alleged in those claims for damages. We reject this assertion. Fraud and mismanagement by a controlling member do constitute grounds for dissolution of a limited liability company. (See Former Corp. Code, § 17351, subd. (a)(5).)[1] However, a judicial decree of dissolution may also be had upon a finding that, among other things, "[d]issolution is reasonably necessary for the protection of the rights or interests of the complaining members," or the "management of the . . . company is . . . subject to internal dissension." (Former Corp. Code, § 17351, subds. (a)(2), (4).) The Bachrachs insist they originally alleged and ultimately decided to pursue only equitable claims in order to accomplish their principal goal of dissolution of the LLC and termination of the parties' business relationship.

Had the Bachrachs persisted in prosecuting tort claims against Compagno, there can be no question those claims would be subject to arbitration. However, the Bachrachs chose to forego and dismissed their claims for damages, leaving for resolution only the originally alleged equitable claims for dissolution and accounting. Appellants do not contend the arbitration provision is unfairly one-sided or unconscionable, nor do they contend that an arbitrator could not resolve the equitable issues. (See *Mercuro v. Superior Court* (2002) 96 Cal.App.4th 167, 177–178 [it is well settled arbitrators commonly provide equitable relief as part of their decision].) The parties here chose to reserve for the trial court the ability to determine any entitlement to equitable relief. "'Arbitration is . . . a matter of contract and the parties [are free to fully] delineate the

---

[1] Former Corp. Code section 17351, subdivision (a) was repealed and reenacted without substantive changes as section 17707.03, subdivision (b), which became effective on January 1, 2014, after the motion at issue was resolved.

5

area of its application.'" (*Gravillis*, *supra*, 143 Cal.App.4th at p. 771.)  Arbitration should not be ordered where the arbitration provision excludes the dispute in question. (*Ibid.*)  It bears repeating that there is no public policy that requires arbitration of disputes contracting parties did not agreed to arbitrate.  (*Id.* at p. 772; *EFund Capital*, *supra*, 150 Cal.App.4th at p. 1320.)

Appellants' contention that an arbitrator must resolve the substantive equitable issues ignores explicit contractual language stating that "no arbitrator shall have the power to render equitable relief of any kind," and that "requests for such relief shall be referred to a court of competition jurisdiction."  The provision further states that "[a]ll decisions of the arbitrator shall be final, binding, and conclusive on all parties and shall, except as provided in [the provision for indemnification], constitute the only method of resolving disputes or matters subject to arbitration pursuant to this Agreement.  Judgment may be entered upon any such decision in accordance with applicable law in any court having jurisdiction thereof."  The clear meaning of this language is that an arbitrator lacks jurisdiction to render a decision as to equitable issues, and equitable claims may only be pursued in court.

Appellants' interpretation of the operating agreement, under which only an arbitrator is empowered to decide equitable issues, would render the equitable relief language of the arbitration provision surplusage.  Under this view, the phrase "requests for [equitable] relief shall be referred to a court of competent jurisdiction," leads to a tortured conclusion that the trial court has the power only to perform the ministerial act of rubber-stamping an arbitrator's conclusive ruling.  This conclusion violates the principle that, when interpreting contracts, the language used controls if it is clear and explicit and the court should avoid any interpretation that renders any part of an agreement surplusage.  (*Segal v. Silberstein* (2007) 156 Cal.App.4th 627, 633 [We view the language of a contract as a whole and, if possible, "give effect to every provision and avoid rendering any part of an agreement surplusage"].)

Bearing these principles in mind, we consider that the phrase "[n]otwithstanding the foregoing" precedes the equitable relief language of the arbitration provision.

"[F]oregoing" refers to powers expressly reserved to an arbitrator. Read as a whole, the phrase means that, except for a determination as to equitable issues and any concomitant entitlement to equitable remedies—as to which jurisdiction is explicitly reserved for the trial court—the arbitrator's decision is binding. It is clear from the language of the contract that the parties did not intend for an arbitrator to resolve the merits of equitable claims or to formulate an appropriate remedy. Those determinations are for the court. The arbitration provision reveals the parties agreed to arbitrate any action to enforce or interpret the operating agreement or to resolve any dispute between members *except* for claims in equity. When "interpreting an unambiguous contractual provision we [must] give effect to the plain and ordinary meaning of the language used by the parties." (*EFund Capital*, *supra*, 150 Cal.App.4th at p. 1322, citing *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264, and Civ. Code, §§ 1636, 1638 & 1644.) The contractual language here is clear, plain and broad. The trial court did not err in denying the motion to compel arbitration.

## DISPOSITION

The order is affirmed.  Shel and Ryan Bachrach are to recover their costs on appeal.

NOT TO BE PUBLISHED.


                                        JOHNSON, J.


We concur:


        CHANEY, Acting P. J.


        BENDIX, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.